OPINION
Homer Nelson, defendant-appellant, appeals a judgment of the Franklin County Municipal Court denying his motion to suppress all evidence obtained from the stop of his vehicle at a sobriety checkpoint.
On the night of September 1, 2000, the Franklin County Sheriff's Office conducted a sobriety checkpoint on Broad Street in Columbus, Ohio. Appellant was processed at the checkpoint and eventually charged with operating a motor vehicle while under the influence, in violation of R.C.4511.19(A)(1); failing to display a driver's license, in violation of R.C. 4507.35; and failing to wear a seatbelt, in violation of R.C.4513.263(B)(1). Appellant later submitted to a breath test and was also charged with operating a motor vehicle with a prohibited concentration of alcohol, in violation of R.C. 4511.19(A)(6). Prior to trial, appellant moved to suppress the evidence on the basis that it was obtained through an illegal search and seizure. A suppression hearing was held on March 14, 2001. On April 5, 2001, the trial court issued a decision and entry denying appellant's motion to suppress. On May 16, 2001, appellant entered a plea of no contest to the charge of prohibited alcohol concentration and was found guilty by the trial court. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE IN FINDING SOBRIETY ROADBLOCKS TO BE CONSTITUTIONAL UNDER SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE IN FINDING THAT MR. NELSON'S RIGHTS WERE NOT VIOLATED UNDER SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.
In his first assignment of error, appellant argues the trial court erred in denying his motion to suppress because roadblocks of the type presented here are violative of Section 14, Article I, Ohio Constitution. In reviewing a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Curry (1994), 95 Ohio App.3d 93. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990),55 Ohio St.3d 71. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627.
Section 14, Article I, Ohio Constitution, protects individuals from unreasonable searches and seizures, and provides:
 The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized.
The Fourth Amendment to the United States Constitution contains nearly the identical language as that in Section 14, Article I, Ohio Constitution.
The United States Supreme Court has already found that roadblocks do not per se violate the Fourth Amendment to the United States Constitution. Michigan Dept. of State Police v. Sitz (1990), 496 U.S. 444,447. It is well-established that individual states may construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution. See California v. Greenwood (1988),486 U.S. 35, 43. However, the Ohio Supreme Court has previously found that Section 14, Article I, Ohio Constitution, provides no wider prohibition against search and seizure than that found in theFourth Amendment to the United States Constitution. See State v. Geraldo (1981), 68 Ohio St.2d 120, 125. Further, the Ohio Supreme Court has confirmed that the wording of the applicable Ohio and federal constitutional provisions is "virtually identical" and has declined implementing greater restrictions on police activity. Id. Accordingly, based upon Sitz and Geraldo, we find the sobriety checkpoint in the present case does not violate the Ohio Constitution. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant similarly argues that the roadblock violated his rights under Section 14, Article I, Ohio Constitution. A number of United States Supreme Court decisions provide analyses relevant to this issue with regard to the Fourth Amendment. The United States Supreme Court has clearly stated that a checkpoint or roadblock stop is a "seizure" for purposes of Fourth Amendment analysis. See United States v. Martinez-Fuerte (1976), 428 U.S. 543, 553. TheFourth Amendment imposes a standard of reasonableness upon the exercise of discretion by law enforcement agents in order to safeguard the privacy and security of individuals. Marshall v. Barlow's, Inc. (1978),436 U.S. 307, 312; see, also, Delaware v. Prouse (1979), 440 U.S. 648; Brown v. Texas (1979), 443 U.S. 47; Terry v. Ohio (1968), 392 U.S. 1. Reasonableness is determined by a balance between the public interest and the individuals' right to personal security free from arbitrary interference by law officers. Brown, supra, at 49. In balancing such, a court must weigh the following three factors: (1) the importance of the public concerns served by the seizure; (2) the degree to which the seizure advances the public interest; and (3) the severity of the interference with individual liberty. Id. at 51. A central concern in balancing these competing considerations has been to assure that an individual's reasonable expectation of privacy is not subject to arbitrary invasions at the unfettered discretion of officers in the field. See Prouse, supra, at 654-655. To this end, the Fourth Amendment requires that a seizure be based on specific, objective facts indicating that society's legitimate interests require the seizure of the particular individual, or that the seizure must be carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers. Martinez-Fuerte, supra, at 558-562.
We proceed on the basis that a sobriety checkpoint, which does not exceed the constitutionally permissible level of intrusiveness on motorists, complies with Section 14, Article I, Ohio Constitution and theFourth Amendment to the United States Constitution. With regard to the first factor set forth in Brown, this court has already held that the prevention of drunk driving serves a public concern of sufficient gravity such that carefully limited interference with personal liberty is warranted. See State v. Bauer (1994), 99 Ohio App.3d 505, 510. Thus, in the present case, the first factor in Brown weighs in favor of the reasonableness of the law enforcement agent's exercise of discretion.
The second factor in Brown weighs the degree to which the seizure advances the public interest. This is determined by the effectiveness of the roadblock. The effectiveness is measured by the ratio of citations for OMVI to vehicles stopped. Sitz, supra. Several courts have made determinations as to what ratio is acceptable to pass constitutional muster. Stated as a percentage, the ratio in Bauer was just over two percent, which was found to be acceptable. The roadblock found constitutional in Sitz resulted in one and one-half percent of all vehicles stopped receiving OMVI citations. In State v. Havens (Dec. 22, 2000), Portage App. No. 99-P-0089, unreported, the number of OMVI citations to vehicles stopped was one and one-third percent. In the present case, the roadblock resulted in ten OMVI citations out of six hundred and eighty-one cars stopped, or about one and one-half percent. We find this ratio sufficient. Therefore, based upon the above comparable cases, we conclude that the public interest was advanced in an effective manner by the roadblock in the present case. Thus, the second factor in Brown weighs in favor of finding that the law enforcement agent's exercise of discretion was reasonable.
With regard to the third factor in Brown, though the public interest may be advanced, a roadblock will be found unconstitutional if the degree of interference with individual liberties is so significant that it outweighs the public interest. Brown, supra, at 50. In State v. Goines (1984), 16 Ohio App.3d 168, 170-171, affirmed in Bauer, supra, Ohio elaborated upon the Brown test in the context of a safety roadblock and applied several guidelines for determining interference with personal liberties. Where there is no consent, probable cause, or Terry-type reasonable and articulable suspicion, a vehicle stop may be made only where there minimally exists: (1) a checkpoint or roadblock location selected for its safety and visibility to oncoming motorists; (2) adequate advance warning signs, illuminated at night, timely informing approaching motorists of the nature of the impending intrusion; (3) uniformed officers and official vehicles in sufficient quantity and visibility to show the police power of the community; and (4) a predetermination by policy-making administrative officers of the roadblock location, time, and procedures to be employed, pursuant to carefully formulated standards and neutral criteria.
Appellant does not contest the first three requirements discussed in Goines. Instead, appellant argues that the location of the roadblock was selected without any recent data to support a conclusion that the roadblock advanced the public interest. The record reveals that Officer Ross Staggs inherited conclusory roadway crash data from Karl Booth, the Sergeant before him, that was five to six-years-old. After reviewing these statistics, Sergeant Booth examined the safety of the site. After he had determined that the location was safe enough for motorists and officers, he submitted two requests on August 2, 2000: one to the Ohio Department of Public Safety for crash data specific to the location, and another to Chief Deputy Gilbert Jones for approval of the location. Chief Deputy Jones indicated his approval by initialing and dating the request August 2, 2000. Sergeant Staggs received the crash data in a memo from the Ohio Department of Public Safety, dated August 8, 2000. Included in the memo was the total number of fatal injuries, property-damage crashes, and alcohol-related fatal injuries that occurred on West Broad Street. Although Sergeant Staggs testified that he reviewed this data, it is apparent he did so after submitting his request to Chief Deputy Jones for approval.
Thus, the issue we are left with is whether there is competent, credible evidence to support the conclusion that the roadblock location, time, and procedures were "predetermined by a policy-making administrative officer" using carefully formulated standards and neutral criteria. See Bauer, supra. The trial court found that the use of the five to six-year-old data to choose the location of the roadblock was reasonable. We agree. As the trial court logically explained, it would be unreasonable to require the Traffic Bureau to repeat data collection efforts every year or every time a new supervisor is named. Appellant presents no authority for the proposition that the statistics in the present case are not of acceptable vintage. We find that the neutral data used by Officer Staggs was sufficient in substance and reasonably current to support the roadblock location, time, and procedure. The placement of the roadblock was also sufficiently "predetermined," in that the police collected and reviewed the neutral traffic data and statistics for the area in question prior to commencing the sobriety checkpoint on September 1, 2000. Therefore, the state met the four minimum requirements enunciated in Goines.
Accordingly, we find that the degree of interference with individual liberties caused by the checkpoint was not so significant as to outweigh the significant state interest at issue. See, generally, Sitz, supra. Thus, the third factor in Brown weighs in favor of the reasonableness of the law enforcement agent's exercise of discretion. Having analyzed and weighed the three factors in Brown, we find that in determining the placement of the roadblock, the state exercised reasonable discretion in order to safeguard the privacy and security of the public. Therefore, the roadblock did not violate appellant's rights under Section 14, ArticleI, Ohio Constitution. Appellant's second assignment of error is overruled.
For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Municipal Court denying appellant's motion to suppress evidence is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.